UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ENERGY & MARINE UNDERWRITERS, INC.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-5552** |
| **GEOFFREY HUGHES** | * | **SECTION "L" (5)** |

**ORDER**

Before the Court are the defendant Geoffrey Hughes' Motion to Dismiss and Alternatively, Motion for Summary Judgment (Rec. Doc. 8), and the plaintiff Energy & Marine Underwriters, Inc.'s Motion for Leave to Amend Complaint (Rec. Doc. 20). For the following reasons, the Defendant's motion to dismiss is now DENIED and the plaintiff's motion to amend is GRANTED.

On December 1, 2003, Geoffrey Hughes agreed to sell his insurance agency and brokerage business, Energy & Marine Underwriters, Inc. a/k/a Peachtree Specialty Risk of Louisiana ("EMU"), to Brown & Brown, Inc. In addition to executing an asset purchase agreement with Brown & Brown, Inc., Hughes also entered into an employment agreement whereby he would be retained as EMU's President and Profit Center Manager. On February 2, 2006, Hughes and EMU entered into a new employment agreement that superseded the prior employment agreement. Finally, on August 7, 2006, Hughes voluntarily resigned and moved to Mississippi.

On September 12, 2007, EMU filed the instant suit against Hughes in this Court. EMU alleges that, following his resignation, Hughes engaged in activities prohibited by certain non-disclosure, non-solicitation, and non-competition provisions in the employment agreement. In

1

the instant motion, Hughes seeks dismissal of EMU's claims on the grounds that the complaint refers solely to the 2003 employment agreement, which he contends was rendered null and void by the 2006 employment agreement. In response, EMU seeks leave to amend the complaint to refer instead to the 2006 employment agreement. EMU contends that the terms of both agreements are substantially similar, and that Rule 15 of the *Federal Rules of Civil Procedure* dictates an amendment here rather than dismissal. The Court agrees. An amendment to the complaint is the appropriate remedy for the alleged deficiency raised by Hughes in the instant motion.

Accordingly, IT IS ORDERED that Hughes' Motion to Dismiss and Alternatively, Motion for Summary Judgment (Rec. Doc. 8) is DENIED in its entirety, including Hughes' request for costs associated with the filing of his motion.[1] IT IS FURTHER ORDERED that EMU's Motion for Leave to Amend Complaint (Rec. Doc. 20) is GRANTED.

New Orleans, Louisiana, this  14th  day of   January  , 2008.

UNITED STATES DISTRICT JUDGE

---

[1] To the extent that the Defendant raises new arguments for the first time in his reply brief, these arguments will not be considered at this time. *See, e.g., Mitsui & Co. v. M/V Hermann Schulte*, No. 95-3270, 1996 WL 365660, at *3 (E.D. La. July 1, 1996) ("A reply memorandum is not adequate to raise entirely new arguments for dismissal.").