UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ENERGY & MARINE UNDERWRITERS, INC.**     *     **CIVIL ACTION**

**VERSUS**                                 *     **NUMBER: 07-5552**

**GEOFFREY HUGHES**                        *     **SECTION "L" (5)**

### ORDER

Before the Court is the defendant Geoffrey Hughes' Motion for Partial Summary Judgment (Rec. Doc. 33). Because the instant motion cannot be decided without first addressing several underlying issues that the parties have yet to brief, Hughes' motion will be DENIED at this time.

On December 1, 2003, Geoffrey Hughes sold his insurance agency and brokerage business, Energy & Marine Underwriters, Inc. a/k/a Peachtree Specialty Risk of Louisiana ("EMU"), to Brown & Brown, Inc. In addition to executing an asset purchase agreement with Brown & Brown, at that time Hughes also entered into an employment agreement whereby he would be retained as EMU's President and Profit Center Manager. On February 2, 2006, Hughes and EMU allegedly entered into a new employment agreement that Hughes contends superseded the prior employment agreement. On August 7, 2006, Hughes voluntarily resigned and moved to Mississippi.

On September 12, 2007, EMU filed the instant suit against Hughes in this Court.[1] EMU alleges that, prior to and following his resignation, Hughes engaged in activities prohibited by

---

[1] Hughes had previously filed an action for approximately $63,000 in unpaid wages against EMU in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

1

certain non-disclosure, non-solicitation, and non-competition provisions in the various contracts between the parties.  On January 15, 2008, the Court denied Hughes' motion to dismiss and granted EMU leave to file an amended complaint.  Hughes noted that EMU's complaint referred only to the 2003 employment agreement, but contended that the 2003 employment agreement was superseded by the 2006 employment agreement.  Without determining whether or not the 2003 employment agreement had in fact been superseded, the Court felt that allowing EMU to amend its pleading was the most appropriate course of action.  *See Energy & Marine Underwriters, Inc. v. Hughes*, No. 07-5552, 2008 WL 145102 (E.D. La. Jan. 15, 2008).

In its amended complaint, EMU asserts three distinct causes of action against Hughes: (1) breach of contract for alleged violations of the asset purchase and employment agreements, specifically of the non-disclosure, non-solicitation, non-competition, and employee raiding provisions of these contracts; (2) unfair and deceptive trade practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1401 *et seq.*; and (3) misappropriation of trade secrets in violation of the Louisiana Uniform Trade Secrets Act, La. Rev. Stat. § 51:1431 *et seq.*

Hughes now moves for partial summary judgment regarding the non-competition and non-solicitation provisions of all three contracts, arguing that these provisions violate Louisiana Revised Statute § 23:921 because they do not specifically identify the covered parishes or municipalities.  Therefore, Hughes asks the Court to dismiss EMU's breach of contract claims that seek to enforce these provisions.  Hughes also seeks attorneys' fees and costs incurred in filing the instant motion and in defending this litigation.

There are two underlying issues, however, that the Court must resolve before it can reach

the question of the validity of the non-competition and non-solicitation provisions. As noted above, there are three separate contracts involved in this case: the asset purchase agreement, the 2003 employment agreement, and the 2006 employment agreement. Hughes asks the Court to declare the non-competition and non-solicitation provisions of all three contracts unenforceable. But based on the record as it now stands, the Court cannot determine (1) whether EMU's claims under the asset purchase agreement can even be litigated in this forum and (2) which of the two employment agreements is controlling.

First, unlike the employment agreements, the asset purchase agreement provides at Section 11.9 that it is to be governed by, construed, and enforced in accordance with Florida law. *See* Ex. A-3 to Def.'s Mot. for S.J. (Rec. Doc. 33-4). Moreover, at Section 11.4, the asset purchase agreement sets forth a forum-selection clause that provides that "[a]ny proceeding arising out of or relating to this Agreement . . . shall be brought either in the courts of (i) the State of Florida, County of Hillsborough, or (ii) if it has or can acquire jurisdiction, in the United States District Court for the Middle District of Florida." *See id.* Before the Court speaks on the enforceability of the non-competition and non-solicitation provisions of the asset purchase agreement, it must be determined whether EMU's claims under this contract can even be litigated in this forum.

Second, it appears to the Court that there is a genuine factual dispute at this point in time concerning which employment agreement remains in effect. Hughes contends that the 2003 employment agreement was superseded by the 2006 employment agreement. In its amended complaint, however, EMU argues that the 2006 employment agreement is a nullity and a sham transaction because Hughes' wife purported to sign the 2006 employment agreement on behalf

3

of EMU, despite the fact that she was not an officer of EMU and had no authority to bind EMU. Accordingly, the Court will not opine on the validity of various provisions of these two contracts until it can be determined which contract controls the instant dispute.

Finally, it almost goes without saying that the issue of attorney's fees is far from ripe at this time. The Court will address this issue only once, and it will be at the end of the litigation.

For the foregoing reasons, IT IS ORDERED that Hughes' Hughes' Motion for Partial Summary Judgment (Rec. Doc. 33) is DENIED at this time, reserving to Hughes the right to re-file his motion once these underlying issues are resolved.

New Orleans, Louisiana, this 27th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE